# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES C. NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-884-DRH |
| | ) | |
| U.S. MARSHALS SERVICE, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Federal Correctional Institute in Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement, which at the time of filing was the Alton Law Enforcement Center in Alton, Illinois.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts

provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

According to the instant habeas petition, Petitioner pled guilty on September 9, 2004, to obstructing justice in the Twentieth Judicial Circuit for the State of Illinois (St. Clair County) and was sentenced to 18 months probation. Petitioner did not seek to appeal his sentence or conviction because he became time barred pursuant to Illinois Supreme Court Rule 303.[1]

Petitioner filed the instant action November 5, 2010, claiming that the Circuit Court in St. Clair County lacked jurisdiction to sentence him because an indictment was never filed nor was the complaint signed by the Judge. 28 U.S.C. § 2244(d)(1) states that a Petitioner has a one year period in which to file a writ of habeas corpus. Section 2244(d)(1)(A) states that this period shall begin only after Petitioner's State post-conviction proceedings have been resolved. In this instance, Petitioner's statute of limitations began to run on October 10, 2004, after his appeal became time barred. Thus, Petitioner had until October 10, 2005, to file his writ of habeas corpus. As it is, Petitioner waited until November 5, 2010, to file his writ, well outside of the applicable statute of limitation.

In summary, because the petition was filed outside the applicable limitation

---

[1] Rule 303 states, in relevant part, that a notice of appeal must be filed within 30 days of the entry of final judgment or within 30 days after all post-judgment motions are disposed of. Petitioner does not state in his petition why he was unable to meet this 30 day window.

period, Petitioner's action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

    **IT IS SO ORDERED.**

Signed this 3rd day of February, 2011.

David R. Herndon
2011.02.03
11:52:14 -06'00'

**Chief Judge**
**United States District Court**